

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. B. Barrow
Chief Examiner and Chief Clerk
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-3457

Re: Mutual assessment insurance
association may not lawfully
issue a policy for a benefit
less than the maximum bene-
fit in case of death from
military or naval service in
time of war or in case of death
while riding in an airplane,
such death occurring after
two years from date of issue.

Your request for an opinion has been received and care-
fully considered by this Department. We quote from your re-
quest as follows:

"The following paragraph appears in Section 9
of Senate Bill 135, passed by the 46th Legislature,
1939, and governing the operations of mutual assess-
ment insurance associations in Texas.

"All conditions of the certificate must be stated
thereon, including such portions of the by-laws
of the association as may affect the insurance
rights of the parties in any material way; and
amendments to the by-laws which might affect such
rights of members must forthwith be mailed by
first-class mail to each certificate holder af-
fected. In case of controversy theburden of
proof shall be on the company to prove the amend-
ment was mailed to the member. Each certificate
must provide that it shall be incontestable, after

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. D. B. Barrow, page 2

<u>having been in force during the lifetime of</u>
<u>the insured for a period of two years from date</u>
<u>of issue, except for non-payment of assessments;</u>
<u>provided, however, any association may issue a</u>
<u>certificate providing a benefit less than the</u>
<u>maximum benefit named in the face of the certi-</u>
<u>ficate in case of death of the member by his</u>
<u>own hand while sane or insane.</u> It shall also
provide that in case the age of the insured is
misstated, the amount of insurance shall be that
which the premium actually paid would purchase
at the correct age, based on rates in force at
the time of the death of the insured. No certi-
ficate issued by such association, nor any appli-
cation for the certificate shall contain language
or be in such form as to mislead the applicant
or the policyholder as to the type of insurance
afforded.

"We have underlined the portion of the paragraph with
which we are particularly concerned.

"Will you please advise if, under this provision of
the law, a mutual assessment insurance association
may issue a policy providing for a benefit less than
the maximum benefit in case of death from military
or naval service in time of war, or in case of death
while riding in an airplane, such death occurring
after two years from date of issue."

You have correctly quoted the pertinent provisions of Sec-
tion 9 of Senate Bill 135, 46th Legislature of Texas, and
codified as Section 9 of Article 5068-1, Vernon's Annotated
Texas Civil Statutes. Such provisions are applicable to
mutual assessment insurance associations.

Life insurance companies organized and operating under
Chapter 3, Title 78, Revised Civil Statutes, may place excep-
tions in their policies for violations of conditions of the
policy relating to naval and military services in time of war.
See Section 3 of Article 4732, Vernon's Annotated Texas Civil
Statutes, which reads as follows:

"That the policy, or policy and application,
shall constitute the entire contract between the
parties and shall be incontestable not later than

Hon. D. B. Barrow, page 3

two years from its date, except for nonpayment
of premiums; and which provision may or may not,
at the option of the company, contain an exception
for violations of the conditions of the policy
relating to naval and military services in time of
war."

However, Texas courts have repeatedly held that mutual
assessment life insurance corporations are governed only by
the statutes particularly applicable to them as such and that
the general insurance laws relative to life insurance companies
organized under Chapter 3, Title 78, Revised Civil Statutes,
are inapplicable to mutual assessment life insurance companies.
See the following cases:

Bankers' Life & Loan Ass'n v. Bond, 113 S.W.(2d)
1001
Bankers' Life & Loan Ass'n v. Chase, 114 S. W.
(2d) 374
General Life Insurance Co. v. Potter, 124 S. W.
(2d) 409

The courts of Texas have also held that mutual assessment
life insurance companies may place reasonable limitations on
their liabilities in their policies provided same are not pro-
hibited by statute applicable to them.  See the following cases:

Imperial Life Insurance Company v. Thornton, 138
S. W. (2d) 295
Bankers' Life & Loan Ass'n v. Chase, 114 S. W.
(2d) 374
Bankers' Life & Loan Ass'n v. Bond, 113 S. W.
(2d) 1001

Clearly Section 3 of Article 4732, Vernon's Annotated
Civil Statutes, supra, applicable to life insurance companies
generally, has no application to mutual assessment life insur-
ance companies. We must, therefore, look to the provisions
of Section 9 of Senate Bill 135, supra, for our answer to
this question, as we have been unable to find any other pro-
vision of law applicable to mutual assessment life insurance
companies and applicable to the question before us, other
than Section 9, supra.

It is our opinion that Section 9 of Senate Bill 135,
supra, is clear and unambiguous.

Hon. D. B. Barrow, page 4


It is our opinion that said section clearly provides that the certificate or policy of insurance must provide that same shall be incontestable, after having been in force for two years, except for nonpayment of assessments; this is limited only by the provision relative to suicide, while sane or insane, and by the proviso relative to mis-statement of age, etc. Said section does not contain any proviso relative to the death of the insured during war, military or naval service or as a result of airplane hazard so as to except said risks from the incontestability feature of the policy after the policy has been in force for two years. The statute is plain, and we can not read such provisions into it.

You are, therefore, respectfully advised that it is the opinion of this Department that your question should be answered in the negative, and it is so answered.

Yours very truly

APPROVED MAY 14, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:N

APPROVED
OPINION
COMMITTEE
BY_____
CHAIRMAN